**Robert FINNEY, et al., Petitioners,**

v.

**James MABRY, et al., Respondents.**

**No. PB–C–69–24.**

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

March 2, 1982.

Philip E. Kaplan, Jack Holt, Jr., Phillip McMath, Little Rock, Ark., for petitioners.

Steve Clark, Atty. Gen., Albert Carter Hardage, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for respondents.

### ORDER

EISELE, Chief Judge.

The Court filed a Memorandum Opinion in this case on Friday, February 19, 1982. 534 F.Supp. 1026. In that opinion the Court made findings concerning the degree of compliance of the respondents with the Constitution, the Consent Decree, and prior orders of the Court with regard to various conditions of confinement imposed upon inmates of the Arkansas Department of Correction. Pursuant to that Memorandum Opinion, for the reasons stated therein, it is hereby Ordered:

1. The respondents will cause to be made, kept and maintained a written record showing all needed repairs in the East Building of the Cummins Unit. The report shall state the date that any significant damage occurs and shall set forth the schedule for the correction of the deficiency noted. Finally, after the repair has been completed, the date of such completion shall be noted on the report. Each such report shall be maintained for a minimum period of five years from the date of the completion of the repair.

2. The respondents shall require that the records presently maintained concerning the evaluation and re-evaluation of residents of the East Building of the Cummins Unit shall be supplemented to describe in reasonable detail the evaluation that was undertaken, and to indicate the reasons that purportedly justify keeping the person in the maximum security unit. Any psychological counseling or testing conducted, or other reference of the inmate for evaluation, and the results of such tests or evaluation, must be noted. If no such reference is felt to be required, the reason must be noted. These records shall be placed in the permanent file of the inmate.

3. In any disciplinary action in which the inmate alleges as a defense that he or she refused to work for medical reasons, a record must be made which identifies the person in the infirmary who checked the medical records and determined that the inmate had not been given an excusal from work for medical reasons and who gave that information to the Disciplinary Committee. This notation may be written in the medical records, in the disciplinary records, or both, at the preference of the respondents.

4. The respondents shall submit on or before March 12, 1982, a report describing in detail progress made on the implementation and use of the grievance procedure

recently adopted by the Arkansas Department of Correction. Another similar report shall be made on or before April 12, 1982. The implementation and use of the grievance procedure shall also be described in detail by the respondents in the final report due during the week of May 3, 1982, as ordered below.

5. The respondents shall submit on or before March 12, 1982, a report on the implementation of the new medical services system for the Arkansas Department of Correction, and the capability of that system to adequately meet the needs of the inmate population. Another similar report shall be made on or before April 12, 1982. The implementation and adequacy of the medical services system shall also be described in detail by the respondents in the final report due during the week of May 3, 1982, as ordered below.

6. The respondents shall submit to the Court on or before March 12, 1982, and on or before April 12, 1982, reports concerning the operation of the kitchen at the Cummins Unit, particularly the availability and use of the new boiler and skullery. The operation of the kitchen shall also be described in detail in the final report due during the week of May 3, 1982, as ordered below.

7. The respondents be, and they are hereby, required to keep and maintain at all times a separate facility on a permanent basis for the housing and treatment of severely mentally disturbed inmates.

8. The respondents are to have completely phased out the use of inmates in security positions on or before April 12, 1982. It is further Ordered that the respondents be, and they are hereby, permanently enjoined from placing inmates in positions with power to exercise discretion in the control of other inmates in any way after that date, except in the most serious emergencies when absolutely no alternative for control is available and, even then, only for the minimum period necessary to bring the situation under the complete control of free-world authorities.

9. On or before March 31, 1982, the respondents shall submit to the Court a report indicating proposals that they would favor as methods to eliminate the inmate safety problem in the open barracks at the Cummins Unit. The petitioners shall respond to the report of the respondents on or before April 20, 1982.

10. On or before March 22, 1982, the respondents shall submit to the Court proposals for accomplishing integration of the East Building and Barracks 14 and 16 of the Cummins Unit. The proposal should suggest as precise a method as possible for identifying those individual inmates the integration of whom may create a hazard for their safety or the safety of others. The petitioners must respond to the proposal by the respondents on or before April 14, 1982.

11. The respondents shall file, during the week of May 3, 1982, a final report on the factual developments concerning compliance and implementation on all outstanding issues that have occurred since the August 1981 hearings. The attorney for the petitioners must file on or before June 14, 1982, any objections or exceptions to the final report filed by the respondents, or otherwise show cause why the respondents should not be found to be in compliance with the Constitution, the Consent Decree, the Opinion of February 19, 1982, this Order and all other prior orders of the Court, and why this proceeding should not be dismissed. If such objections or exceptions are filed, the respondents will have until July 6, 1982, to respond thereto.

12. The attorney for the petitioners, after consultation with the respondents, shall submit to the Court on or before March 29, 1982, a proposal covering the conduct on behalf of the petitioners of the investigation and review of matters discussed in the respondents' final report, identifying the resources that will be necessary for such investigation and review. The respondents shall then notify the Court in writing on or before April 9, 1982, whether they agree with the proposal by the plaintiffs. If the respondents do not agree with the proposal by the plaintiffs, they shall state with speci-

ficity their objections to such proposal and suggest to the Court an alternative or alternatives thereto.

13. The respondents will comply with the requirements of all prior orders and instructions of the Court, as set forth and discussed in the Memorandum Opinion filed herein February 19, 1982.